IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| TEPRO, INC., | ) ) | Jury Trial Demanded |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Karen Burch, Brenda Farris, Sandra Kelly, James Davis, and a class of former employees who were adversely affected by these unlawful employment practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the Commission) alleges that Tepro, Inc. (Defendant Employer) terminated the employment of Karen Burch, then age 48, Brenda Farris, then age 55, Sandra Kelly, then age 56, James Davis, then age 64, and a class of other employees because of their age, over the age of 40.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Winchester Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Tepro, Inc. (the Defendant Employer), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Winchester, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least January 2009, Defendant Employer has engaged in unlawful employment practices at its Winchester, Tennessee facility, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). The alleged unlawful employment practice includes, discharging Karen Burch, Brenda Farris, Sandra Kelly, James Davis, and a class of other employees because of their age, over the age of 40.

   a. In January 2009, Defendant Employer advised employees that Defendant Employer would require all Tech II employees to mold.

   b. In January and February 2009, Defendant Employer began reclassifying employees in the protected age group from the Tech II position to the Tech III position.

   c. Defendant Employer's managers made material misrepresentations to employees in the protected age group, including advising them that Tech III employees would be secure from layoff, to induce employees in the protected age group to reclassify from the Tech II position to the Tech III position.

   d. Defendant Employer's managers also coerced and threatened employees in the protected age group into accepting the reclassification from the Tech II position to the Tech III position.

   e. Defendant Employer failed to advise the Tech III employees that it would adjust their seniority dates to the date of the reclassification once they were reclassified from the Tech II position to the Tech III position.

   f. The reclassification from the Tech II position to Tech III position only affected employees in the protected age group.

g. Employees in the protected age group who were reclassified from the Tech II position to the Tech III position lost their original seniority dates and were assigned new seniority dates to correspond with their dates of transfer to their new Tech III positions.

h. Approximately one month after completing the reclassification of protected age group employees, Defendant Employer began eliminating Tech III positions.

i. By the end of June 2009, Defendant Employer had laid off numerous employees in the protected age group from Tech III positions, including almost every employee from the reclassification of protected age group employees.

j. Defendant Employer encouraged Karen Burch, then age 48, to accept a reclassification from the Tech II position to the Tech III position.

k. On or around June 24, 2009, Defendant Employer laid off Ms. Burch. Ms. Burch had worked for Defendant Employer for approximately 17 years.

l. Ms. Burch had more experience and seniority than younger retained Tech II employees.

m. Defendant Employer induced Brenda Farris, then age 55, to accept a reclassification from the Tech II position to the Tech III position.

n. While in the Tech II position and before the reclassification, Ms. Farris regularly performed molding.

o. On or around June 23, 2009, Defendant Employer laid off Ms. Farris. Ms. Farris had worked for Defendant Employer for more than 14 years;

p. Ms. Farris had more experience than younger retained Tech II employees.

q. Defendant Employer induced Sandra Kelly, then age 56, to accept a reclassification from the Tech II position to the Tech III position.

r. Ms. Kelly resisted the reclassification and expressed a desire to remain a Tech II employee and do molding work.

s. Defendant Employer claimed that Ms. Kelly was not likely to succeed as a Tech II employee, but assured Ms. Kelly that the Tech III positions would be safe from layoffs.

t. On or around June 23, 2009, Defendant Employer laid off Ms. Kelly. Ms. Kelly had worked for Defendant Employer for more than 16 years;

u. Ms. Kelly had more experience than younger retained Tech II employees

v. Defendant employer forced James Davis to reclassify from a Tech II to Tech III position by telling him if he did not accept the reclassification he would be terminated.

w. Mr. Davis had more than ten years experience in molding work and only accepted the reclassification under the threat of termination.

x. On or around June 24, 2009, Defendant Employer laid off Mr. Davis. Mr. Davis had worked for Defendant Employer for approximately 15 years.

y. Mr. Davis had more experience and seniority than younger retained Tech II employees.

z. Between March 25, 2009, and June 24, 2009, Defendant Employer laid off a class of more than twenty-five employees in the protected age group whom Defendant Employer subjected to the reclassification.

aa. These employees had more experience and seniority with the company than employees not within the protected age group that Defendant Employer retained.

bb. Defendant Employer did not reclassify employees not in the protected age group, nor did it encourage, entice, coerce, or threaten these employees into accepting a reclassification.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Karen Burch, Brenda Farris, Sandra Kelly, James Davis, and a class of protected age

group employees of equal employment opportunities and otherwise adversely affect their status as, because of their age.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were willful and intentional within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discharging employees or engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above including, but not limited to, Karen Burch, Brenda Farris, Sandra Kelly, James Davis, and a class of other individuals adversely affected by the unlawful practices described above.

D. Order Defendant Employer to make whole Karen Burch, Brenda Farris, Sandra Kelly, James Davis, and a class of other individuals and all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement; adjustment of wages,

seniority and benefits to current levels; restoration of medical insurance; or front pay, where appropriate.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s Faye A. Williams (w/ permission MHM)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

/s Joseph M. Crout (w/ permission MHM)
JOSEPH M. CROUT
Supervisory Trial Attorney
TN Bar No. 012957

/s Matthew H. McCoy
MATTHEW H. McCOY
Trial Attorney
IN Bar No. 29368-49

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0070

/s Mark H. Chen (w/ permission MHM)
MARK H. CHEN
Trial Attorney
TN Bar No. 14268

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784